1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9

| | |
|---|---|
| HONG CHANG, a Washington State resident,<br><br>Plaintiff,<br><br>v.<br><br>LITTLE MONSTER LLC dba DL BBQ, a Washington State Limited Liability, et al.<br><br>Defendants. | Case No. C22-847RSM<br><br>ORDER DENYING DEFENDANT WA FAN TUAN INC.'S MOTION TO DISMISS AND DENYING MOTION TO REMAND |

## I.   INTRODUCTION

This matter comes before the Court on Defendant WA Fan Tuan Inc. ("Fan Tuan")'s Motion to Dismiss. Dkt. #6. Plaintiff Hong Chang opposes and moves to remand this case. Dkt. #9. The Court has determined that it can rule without the need of oral argument. For the reasons stated below, the Court DENIES both Motions.

## II.   BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint, Dkt. #1-2, and are considered true for purposes of ruling on the Motion to Dismiss.

In October of 2017 Mr. Chang and his wife opened a restaurant in Kirkland, Washington called "A Bite of Sichuan" in English. Mr. Chang's many customers who can read Chinese

ORDER DENYING DEFENDANT WA FAN TUAN INC.'S MOTION TO DISMISS AND DENYING MOTION TO REMAND - 1

know the restaurant by the characters 小辣椒 which translate as "Little Pepper." Mr. Chang registered the trademark "Little Pepper" and the Chinese characters with the Washington Secretary of State, as well as "Little Pepper Kitchen" and the corresponding Chinese characters.

Defendant Fan Tuan is a food sale and delivery company. Fan Tuan sells food online via a smartphone app. The food is sold under the name of various restaurants. After a user orders food and pays online, Fan Tuan will send a driver to the restaurant, get the food, and deliver it to the user.

Fan Tuan connects users with restaurants and also provides marketing for those restaurants. Fan Tuan signs contracts with each participating restaurant, including Mr. Chang's restaurant.

At some point in 2020, Mr. Chang noticed in the app another restaurant named "小辣椒" selling similar food—spicy Chinese food. The Chinese name is identical to Mr. Chang's restaurant's Chinese name.

Mr. Chang received at least one text message from a customer that was confused between the two restaurants. Another customer saw a promotion for 15% off listed by the other restaurant and wanted that discount at Mr. Chang's restaurant. Mr. Chang's Little Pepper restaurant has received negative reviews from customers that ate at the other Little Pepper.

This confusion has harmed Mr. Chang's business. Discovery has revealed that Fan Tuan has received over $70,000 in sales associated with the other Little Pepper.

The trademark infringement behavior from Fan Tuan stopped after August 31, 2021.

The Amended Complaint was filed in state court on June 5, 2022. Plaintiff brings causes of action under RCW 19.77.140 and 15 U.S. Code § 1125 (a) (1) (A)(B). Removal occurred on June 16, 2022. Dkt. #1. Defendant Fan Tuan now moves to dismiss.

ORDER DENYING DEFENDANT WA FAN TUAN INC.'S MOTION TO DISMISS AND DENYING MOTION TO REMAND - 2

### III. DISCUSSION

#### A. Motion to Remand

The Court will deny Plaintiff Chang's Motion to Remand, Dkt. #9, because his Amended Complaint clearly includes a federal claim. *See* Amended Complaint at ¶ 4.4 ("15 U.S. Code § 1125 (a) (1) (A)(B)"). The Amended Complaint does more than just mention this statute, part of the Lanham Act; it clearly alleges Fan Tuan violated the statute and should be liable to Plaintiff for that violation. There is no question that Plaintiff includes a claim arising under the laws of the United States and therefore removal was proper under 28 U.S.C. § 1441(c)(1) even if Mr. Chang believes his state court claim is stronger. The Court has supplemental jurisdiction over Plaintiff's state court claim. Plaintiff presents no other valid basis for removal.

#### B. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

### C. Analysis

The Lanham Act provides a cause of action against "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol or device, . . . which is likely to cause confusion, or to cause mistake, or to deceive as to the . . . origin, sponsorship, or approval of . . . . goods, services, or activities." 15 U.S.C. § 1125(a).

Defendant's Motion to Dismiss relies on the legal standards set forth in *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 102-103 (2d Cir. 2010).  Under the reasoning of that case, providing an online platform for the listing of items "is not a basis for a claim of direct trademark infringement," at least where a company "promptly remove[s] all listings" that the plaintiff alleges are "counterfeit and took affirmative steps to identify and remove illegitimate" listings. 600 F.3d at 103.  For an online platform to be liable for contributory trademark infringement, "a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary." *Id*. at 107.  Defendant cites to *Lasoff v. Amazon.com Inc.*, 2017 WL 372948, at *7 (W.D. Wash. Jan. 26, 2017) as an example of this Court applying the above standards.

Accepting all facts alleged in the Amended Complaint as true, and making all inferences in the light most favorable to Mr. Chang as the non-moving party, the Court finds that Defendant's citation to *Tiffany* is not a valid basis for dismissal.  Mr. Chang has pled that Fan Tuan dealt with each restaurant directly through contracts or otherwise.  It is entirely plausible that Fan Tuan had "more than a general knowledge" that its services were being used to support

ORDER DENYING DEFENDANT WA FAN TUAN INC.'S MOTION TO DISMISS AND DENYING MOTION TO REMAND - 4

a restaurant with an infringing trademark, and that it had "some contemporary knowledge" of which restaurant was infringing. Mr. Chang is not required to prove such knowledge at this stage. The key question, hopefully answered by discovery, is whether or not Fan Tuan knew of the Chinese name of both restaurants at the same time and whether it was reasonable to assume that one or other was infringing a trademark. Plaintiff may be able to demonstrate liability.

Fan Tuan is correct that Plaintiff fails to meet the pleading standards for a direct trademark infringement claim against it, but appears willing to interpret the pleadings as bringing a contributory trademark infringement claim. The Court sees no reason to dismiss any claim at this point. In any event, this Amended Complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

### IV.    CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Fan Tuan's Motion to Dismiss, Dkt. #6, is DENIED. Plaintiff's Motion to Remand, Dkt. #9, is DENIED. This case will proceed in this Court.

DATED this 19th day of July, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE