UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HONG CHANG, | Case No. 2:22-cv-00847-RSM |
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| LITTLE MONSTER LLC dba DL BBQ, ZHAOWEI DING, WA FAN TUAN INC., CHOWBUS, INC., and HUNGRYPANDA US INC., | |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Defendant WA Fan Tuan, Inc. ("Fan Tuan")'s Motion for Summary Judgment.  Dkt. #37. Fan Tuan argues that Plaintiff Hong Chang cannot pursue his Lanham Act claim because he has failed to present evidence demonstrating that Fan Tuan infringed Mr. Chang's trademark directly, vicariously, or that it otherwise contributed to the alleged infringement.  *Id*.  The Court has determined that it can rule without the need for oral argument.  For the reasons set forth below, the Court grants Fan Tuan's Motion.

## II.  BACKGROUND

This case was filed on January 29, 2021, Dkt. #1-1, and was removed to this court on June 16, 2022, Dkt. #3.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

In October 2017, Mr. Chang and his wife opened a restaurant in Kirkland, Washington called "A Bite of Sichuan" when spoken in English. Dkt. #1-2. Mr. Chang's Chinese speaking customers know the restaurant by its Chinese name, 小辣椒, which translates to "Little Pepper." *Id*. Mr. Chang registered the trademarks "Little Pepper" and "Little Pepper Kitchen" along with the corresponding Chinese characters with the Washington Secretary of State on October 21, 2020. Dkt. #1-1, 1-2.

Defendant Fan Tuan is an online food sale and delivery company. Dkt. #1-2. Fan Tuan provides a platform for restaurants to sell their food through a mobile application. *Id*. Fan Tuan connects users with restaurants and provides marketing for those restaurants. *Id*.; Dkt. #37 at 3.

Mr. Chang joined Fan Tuan's online platform with his restaurant, A Bite of Sichuan, LLC, in 2020. *Id*. To establish this relationship, both parties allegedly signed a contract. *Id*. That same year, a separate restaurant with an identical Chinese name, "小辣椒" ("Little Pepper"), appeared on Fan Tuan's mobile application. Dkt. #7-1. Mr. Chang alleges that not only did the restaurant have the same name, but it also sold the same food as his restaurant. *Id*.

Customers who used Fan Tuan's mobile application expressed confusion about the two restaurants, such as where discounts were being offered and who fulfilled which food delivery service on the mobile app. *Id*. Mr. Chang met with Mr. Ding, the owner of the other Little Pepper, to inform him that he owned the trademark, and requested that he stop using the trademark. Dkt. #1-1. Mr. Ding refused. *Id*. It was not until August 2021 that the infringement ended. Dkt. #1-2. Mr. Chang claims that this confusion harmed his business sales and contributed to the ultimate downfall of his business. *Id*.

Fan Tuan now seeks summary judgment on all counts of the amended complaint and Mr. Chang opposes. Dkt. #37, 39.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 2

### III. DISCUSSION

#### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

#### B. Standing

Fan Tuan first moves for summary judgment based on lack of standing. Dkt. #40. Fan Tuan argues that Mr. Chang lacks standing to assert claims for infringement of the "Little Pepper" mark because even though the mark is registered to Mr. Chang, Mr. Chang did not use the mark himself. Rather, a separate entity, A Bite of Sichuan, LLC, a restaurant owned and operated by Mr. Chang, used the mark and is the true owner of the mark. For this reason, Fan Tuan argues

that A Bite of Sichuan, LLC is the proper party to bring suit. The Court disagrees with this line of thinking.

It is well established that a trademark owner has standing to assert a claim for trademark infringement. *See* 15 U.S.C. § 1114. "To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services. […] Therefore, a party pursuing a trademark claim must meet a threshold 'use in commerce' requirement." *Rearden LLC v. Rearden Commerce, Inc.*, 683, F.3d 1190, 1203 (9th Cir. 2012). "A mark shall be deemed to be in use in commerce [...] when it is used or displayed in the sale or advertising of services and the services are rendered in commerce." 15 U.S.C. § 1127. Further, "[w]here a registered mark…is used legitimately by related companies, such use shall inure to the benefit of the registrant or applicant for registration." 15 U.S.C. § 1055. 15 U.S.C. § 1127 defines "related company" as "any person whose use of a mark is controlled by the owner of the mark with respect to the nature and quality of the goods or services on or in connection with which the mark is used." Failure to control the nature and quality of the goods or services under the mark, can lead to invalidation of the trademark registration. *Wallack v. Idexx Laboratories, Inc.*, 2015 WL 5943844, at *8 (S.D.Cal. Oct. 13, 2015). A trademark owner can grant an implied license to a related company, so long as there is a showing of substantial relationship between the parties. *Id*. at 10. "The statute does not require a formal corporate control but only control over the 'use of a mark.'" *Id*.

Here, Mr. Chang not only has formal corporate control over A Bite of Sichuan, LLC, as one of two owners of the restaurant, *see* Dkt. #1-2, but he also has control over the use of the mark. Mr. Chang oversaw the restaurant's operations and oversaw the quality of the food and

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 4

services that the restaurant was placing into commerce. Given the above law, Fan Tuan has failed to show that Mr. Chang is not a proper party for this suit.

### C. Contributory Trademark Infringement

"To state a claim for contributory trademark infringement under the Lanham Act against a service provider, a plaintiff must sufficiently plead that defendant: (1) continued to supply its services to one who it knew or had reason to know was engaging in trademark infringement, and (2) had direct control and monitoring of the instrumentality used by a third party to infringe." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc*. 658 F.3d 936, 942 (9th Cir. 2011).

Fan Tuan asserts that it did not know or had no reason to know that Mr. Ding's Little Pepper was engaging in trademark infringement, and thus cannot be held liable for contributory trademark infringement. Where a court has found that an individual or entity knew or had reason to know of the infringement, the court found that either the entity suspected wrongdoing and deliberately failed to investigate, or the entity had received notice about the infringement but failed to take steps to remedy the situation. *See Spy Optic, Inc. v. Alibaba.Com, Inc*., 163 F.Supp.3d 755 (C.D. Cal. Sep. 28, 2015); *See Hard Rock Café Licensing Corp. v. Concession Serv., Inc*., 955 F.2d 1143, 114 (7th Cir. 1992). In *Spy Optic, Inc.*, the court held that allowing a company to continue to use Alibaba's e-commerce platform even after Alibaba received notice that the company was infringing on Spy Optic's marks, was sufficient to establish that Alibaba knew or had reason to know of the infringement. Here, though Mr. Chang may have informed Mr. Ding of the trademark infringement, Mr. Chang has failed to present evidence that Fan Tuan knew or had reason to know that such infringement was happening. Mr. Chang pled that Fan Tuan dealt with each restaurant directly through contracts or otherwise. Evidence of these interactions could help establish that Fan Tuan was aware or had a duty to be aware of acts of infringement.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 5

However, nothing in the record supports the contention that these interactions with the restaurants occurred or that Fan Tuan had some contemporary knowledge of which restaurant was infringing. Because Mr. Chang has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, summary judgment is clearly warranted. *See Celotex, supra*.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Fan Tuan's Motion for Summary Judgment, Dkt. #37, is GRANTED. All of Plaintiff's claims are DISMISSED. This case is CLOSED.

DATED this 14th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 6